CHARLES TURKOWSKY et al., complainants-appellees,

*v.*

VALENTINE GOELZ, defendant-appellant.

[Argued February 4th, 1936.   Decided April 24th, 1936.]

*Messrs. Manetti & Echentille (Mr. Merritt Lane,* of counsel), for the complainants-appellees.

*Messrs. Melosh, Morten & Melosh (Mr. Louis G. Morten,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

This is an appeal from the court of chancery adjudging a final decree in a foreclosure suit to have been obtained by fraud, reforming the bond and enjoining enforcement of judgment of the supreme court in a deficiency suit.

Briefly the facts appear to be that complainants, either as individuals or representing their respective firms, were creditors of the Jonik Realty Company, which, being in financial difficulty, conveyed its real estate to them as "trustees" so that the property might be saved for all the creditors. Complainants then procured a $20,000 mortgage loan from the defendant below, executing a bond and mortgage to him in which they were designated as "trustees." Subsequently this mortgage was foreclosed and in the bill and throughout the foreclosure proceedings complainants were referred to as "trustees." Mistakenly assuming that they were not individually liable on the bond complainants suffered the foreclosure to go by default, whereupon the property was sold to

the mortgagee for $2,500 and suit was commenced in the supreme court for deficiency on the bond.

Complainants then filed a bill in chancery praying that the bond and mortgage be reformed and that their position as trustees be decreed so that no liability would attach to them as individuals. On motion the bill was dismissed by order dated May 6th, 1929, and on December 18th, 1929, judgment was entered against complainants in the supreme court for $18,561.15.

On December 30th, 1929, complainants filed a petition praying that the order of May 6th, 1929, striking out their bill of complaint be vacated and that they have leave to file an amended and supplemental bill which would attack the decree in the foreclosure suit. Such permission was granted by order made on January 27th, 1930, and an amended and supplemental bill and bill in the nature of a bill of review was filed. When a motion to dismiss this bill was denied on June 9th, 1930, an answer was filed by defendant. The case was brought on for hearing before Vice-Chancellor Fallon and decided by him as advisory master after he left the bench. The final decree was made on January 4th, 1935, granting to the complainants the relief they sought, and the appeal taken on March 1st, 1935.

The petition of appeal does not comply with the rule which requires some specification of grounds upon which the appellant claims the decree below to be erroneous. It merely sets up portions of the final decree appealed from, alleging them to be erroneous, but no reason why the court should not have so decreed is assigned. The argument of the defendant in his brief is directed to error, not in the final decree appealed from, but in the order of January 27th, 1930, which vacated the order of May 6th, 1929, striking out the first bill of complaint and granting leave to file the amended and supplemental bill, and to the order of June 9th, 1930, declining to strike the supplemental bill. No appeals were taken from these orders. Certainly so much of the order of January 27th, 1930, as vacated the order of May 6th, 1929, was interlocutory and should have been appealed from within forty days.

*Mackay* v. *Mackay, 83 N. J. Eq. 650.* The merits of the amended and supplemental bill as a pleading were determined by the order of June 9th, 1930. No appeal was taken from that order. It may be that the defendant would be entitled upon an appeal from the final decree to question the propriety of these orders, but there is nothing in the petition of appeal to indicate such an intention.

Defendant does not question the adjudication of fraud or the findings of fact by the advisory master but says that, for technical reasons, the court was impotent to grant relief against its own decree which had been obtained as a result of fraud and imposition and for that reason it could not reform an instrument which had been obtained by fraud and, therefore, that the judgment in the supreme court for deficiency on the bond must stand. He does not print the testimony and the findings of fact of the advisory master in his state of the case and so the adjudication of fraud contained in the final decree must be considered as correct.

We cannot ascertain from the petition of appeal whether it is the contention of the defendant that the court erred in a determination of the facts or in a determination of the law, and if in a determination of the law, in what respect. It is well settled that an appellant cannot be permitted to attack a decree in chancery upon grounds of appeal which are nowhere stated in his petition of appeal. *Supplee* v. *Cohen, 81 N. J. Eq. 500; New Jersey Building Loan and Investment Co.* v. *Lord, 66 N. J. Eq. 344.*

There being nothing before us for our consideration or determination the appeal is dismissed, with costs to the respondent.

*For modification*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.